IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

YVETTE ACON,                              )
                                          )
                      Plaintiff,          )
                                          )
vs.                                       )        Case No. 12-cv-956 JPG
                                          )
WHITE COUNTY SHERIFF DEPT,                )
ILLINOIS POLICE,                          )
MATT HAYWOOD,                             )
                                          )
                     Defendants.          )

MEMORANDUM AND ORDER

GILBERT, District Judge:

On August, 8, 2012, Plaintiff Acon filed suit in this Court under 42 U.S.C. § 1983,
alleging violations of her federally secured constitutional rights to be free from an unlawful
traffic stop, arrest, and detention.  On September 20, 2012 the Court held a status hearing to
determine Plaintiff's eligibility for pauper status.  Before the Court is Plaintiff's motion to
proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 4).  At the time of
filing the complaint, Plaintiff had been released from Illinois Department of Corrections custody,
and was residing in Missouri.  As such, Plaintiff does not meet the statutory definition of
prisoner, for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner'
means any person incarcerated or detained in any facility who is accused of, convicted of,
sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and
conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed
without prepayment of fees, if the movant "submits an affidavit that includes a statement of all
assets [he] possesses [showing] that the person is unable to pay such fees or give security

therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit and statements to the Court during her status hearing that she is indigent. However, after carefully reviewing the complaint, questioning the Plaintiff about the nature of her claim, and giving due consideration to her responses, the Court is unable to detect a non-frivolous cause of action against any non-immune defendant.

For this reason, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B) **with prejudice** for failure to state a claim, and **DIRECTS** the Clerk of Court to enter judgment accordingly. Plaintiff's pending motion to appoint counsel is **DENIED** as moot (Doc. 5).

**IT IS SO ORDERED.**

**DATED:  October 26, 2012**

_J. Phil Gilbert_
**U. S. District Judge**